O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No. 2:16-CV-04789 (VEB)

MARYJILL HOLT,

                  Plaintiff,            DECISION AND ORDER

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

               Defendant.

## I. INTRODUCTION

In July of 2012, Plaintiff Maryjill Holt applied for Disability Insurance benefits and Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, by and through her attorneys, Howard D. Olinsky, Esq. and Lawrence Rohfling, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13, 14). On November 8, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for Disability Insurance benefits and SSI benefits on July 10, 2012, and July 20, 2012, respectively, alleging disabling beginning September 1, 2010. (T at 210, 217, 236).[1]   The applications were denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On November 19, 2014, a hearing was held before ALJ Dale Garwal. (T at 46).  Plaintiff appeared with an attorney and testified. (T at 49-63).  The ALJ also received testimony from David Van Winkle, a vocational expert. (T at 64-68).

On December 23, 2014, the ALJ issued a written decision denying the applications for benefits.  (T at 21-45).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 22.

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

Commissioner's final decision on April 26, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On June 29, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on October 11, 2016. (Docket No. 22). Plaintiff filed a Brief on November 10, 2016. (Docket No. 24).  The Commissioner filed a Brief in support of a motion for summary judgment on December 1, 2016. (Docket No. 25).

After reviewing the pleadings, Briefs, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A.   Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of

such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be

disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2)  a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

1    Congress has provided a limited scope of judicial review of a Commissioner's

2    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

3    made through an ALJ, when the determination is not based on legal error and is

4    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

5    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

6    "The [Commissioner's] determination that a plaintiff is not disabled will be

7    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

8    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

9    evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

10   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

11   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

12   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

13   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

14   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

15   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

16   the Court considers the record as a whole, not just the evidence supporting the

17   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

18   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

19   It is the role of the Commissioner, not this Court, to resolve conflicts in

20

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.    Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 1, 2010, the alleged onset date, and met the insured status requirements of the Social Security Act through September 30, 2015 (the "date last insured"). (T at 26).  The ALJ found that Plaintiff's degenerative disc disease of the spine, arthralgias of the spine and knees, residuals of gunshot wound right thigh, depressive disorder, and anxiety disorder were "severe" impairments under the Act. (Tr. 26).

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

1  However, the ALJ concluded that Plaintiff did not have an impairment or

2  combination of impairments that met or medically equaled one of the impairments

3  set forth in the Listings. (T at 27).

4  The ALJ determined that Plaintiff retained the residual functional capacity

5  ("RFC") to perform sedentary work, as defined in 20 CFR § 404.1567 (a) and

6  416.967 (a), except that she was limited to simple routine tasks with occasional

7  contact with the public and co-workers, lifting no more than 10 pounds frequently,

8  standing/walking 2 hours in an 8-hour workday, sitting 6 hours in an 8-hour

9  workday, occasional being or stooping, and she must avoid hazardous environments.

10  (T at 28).

11  The ALJ determined that Plaintiff could not perform her past relevant work as

12  a caretaker, childcare worker, lead clerk, and/or telemarketer. (T at 37).  Considering

13  Plaintiff's age (44 years old on the application date), education (limited), work

14  experience, and residual functional capacity, the ALJ found that jobs exist in

15  significant numbers in the national economy that Plaintiff can perform. (T at 38).

16  Accordingly, the ALJ determined that Plaintiff was not disabled within the

17  meaning of the Social Security Act between September 1, 2010 (the alleged onset

18  date) and December 23, 2014 (the date of the decision) and was therefore not

19  entitled to benefits. (T at 39). As noted above, the ALJ's decision became the

20

Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issues**

Plaintiff offers three (3) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she challenges the ALJ's RFC determination with regard to her mental limitations.  Second, Plaintiff argues that the ALJ did not properly assess opinions provided by her treating physician.  Third, she contends that the ALJ erred in discounting her credibility.   This Court will address each argument in turn.

## IV. ANALYSIS

**A.    Mental RFC**

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

1    In determining the claimant's RFC, the ALJ considers those limitations for

2   which there is support in the record and need not consider properly rejected evidence

3   or subjective complaints. *See Bayliss*, 427 F.3d at 1217; *see also Batson v. Comm'r*

4   *of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ was

5   not required to incorporate into RFC findings from treating-physician opinions that

6   were "permissibly discounted").

7    Here, the ALJ concluded that Plaintiff's mental health impairments caused

8   "moderate difficulties" with regard to concentration, persistence, or pace. (T at 27).

9   The ALJ nevertheless determined that Plaintiff retained the RFC to perform the

10   mental demands of basic work activity, provided she was not required to perform

11   more than simple routine tasks with occasional contact with the public and co-

12   workers. (T at 28).

13    Plaintiff challenges this aspect of the RFC determination, arguing that the

14   limitation to "simple routine tasks" did not account for her moderate difficulties

15   concerning concentration, persistence, or pace.  Plaintiff further argues that the ALJ

16   compounded the error by failing to include a limitation with regard to concentration,

17   persistence, or pace in the hypothetical presented to the vocational expert.

18    Plaintiff cites *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th

19   Cir. 2009), in support of her argument.  In *Brink*, the ALJ found that the claimant

20

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

had moderate difficulty maintaining concentration, persistence, or pace, but, as in the instant case, the hypothetical presented to the vocational expert referenced only "simple, repetitive work." *Id*.  In an unpublished, non-precedential opinion, a panel of the Ninth Circuit reversed and determined that the limitation to simple, repetitive work did not adequately address the claimant's limitations with regard to concentration, persistence and pace. *Id*.

However, this case is distinguishable from *Brink*.  In this case, the ALJ carefully considered the evidence, including the evidence of limitation regarding concentration, persistence, and pace, and found that an RFC limiting Plaintiff to simple repetitive tasks adequately incorporated those limitations.  This conclusion was supported by substantial evidence.

Dr. Amy D'Ambrosio performed a consultative psychological evaluation in December of 2012.  Dr. D'Ambrosio diagnosed adjustment disorder with depressed mood (chronic) and panic disorder without agoraphobia. (T at 576).  She opined that Plaintiff could understand and remember simple instructions given by an employer, carry out simple instructions in the work setting, sustain basic standards of neatness and cleanliness in the work environment, and relate to the general public. (T at 577).  Dr. Mary Downs, a non-examining State Agency review consultant, found minimal restrictions related to anxiety and depressed mood and concluded that Plaintiff's

mental impairments were non-severe. (T at 91).   The ALJ noted that Plaintiff's mental health issues were addressed by her primary care provider and Plaintiff never received specialized psychiatric care. (T at 35).

As such, consistent with the medical evidence, the ALJ properly translated Plaintiff's moderate limitations into the RFC by limiting her to simple, repetitive work.   This was sufficient under applicable case law in the Ninth Circuit. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (finding that RFC limiting a claimant to simple, repetitive work "adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony."); *see also Watkins v. Comm'r SSA*, No. 6:15-cv-01539, 2016 U.S. Dist. LEXIS 112555, at *14 (D. Or. Aug. 22, 2016)(distinguishing *Brink* on this basis); *Murray v. Colvin*, No. C-13-01182 DMR, 2014 U.S. Dist. LEXIS 50586, 2014 WL 1396408, at *4 (N.D. Cal. Apr. 10, 2014) (finding that *Brink* did not apply because "[h]ere, the medical evidence supports a finding that Plaintiff is capable of performing one-to-two step instructions despite any limitations in concentration, persistence or pace"); *Maidlow v. Astrue*, No. EDCV 10-01970-MAN, 2011 U.S. Dist. LEXIS 128050, 2011 WL 5295059, at *4 (C.D. Cal. Nov. 2, 2011) ("However, in this case, unlike the cases cited by plaintiff, and as detailed below, the medical expert, upon whom the ALJ relied both in

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

determining plaintiff's RFC and crafting her hypothetical to the vocational expert, testified that plaintiff's deficiencies in CPP resulted in specific work restrictions—to wit, a restriction to simple, repetitive work.").

## B.   Treating Physician's Assessment

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non:-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion.  For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

In this case, Dr. Adam Sherman, Plaintiff's primary care physician, completed an assessment in July of 2014. Dr. Sherman diagnosed chronic lumbago and lumbar degenerative disc disease and opined that Plaintiff could sit for 30 minutes at a time and for 2 hours in an 8-hour workday; stand/walk 15 minutes at one time and for 1 hour in an 8-hour workday; would need to shift position at will and take unscheduled breaks; could lift 10 pounds occasionally; was able to engage in fine motor manipulation with her fingers 20-25 percent of a workday; and could reach with her arms 15-20 percent of a workday. (T at 617-18). Dr. Sherman believed Plaintiff would miss work more than 4 days per month due to her impairments or treatment. (T at 617-18).

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

1       In October of 2014, Dr. Sherman completed another assessment and noted the

2  following limitations: sit for 20 minutes at a time and 2 hours in an 8-hour workday;

3  stand/walk for 15 minutes at a time and 3 hours in an 8-hour workday; stand/walk

4  for 15 minutes at a time and 3 hours in an 8-hour workday; shift positions at will;

5  need frequent breaks; occasionally lift 20 pounds; use her hands to grasp, twist, or

6  turn objects 20% of a workday; use her arms for reaching 5-10 percent of the

7  workday; and would miss work more than 4 times per month due to her impairments

8  or treatment. (T at 630-31).

9       The ALJ discounted Dr. Sherman's assessments. (T at 34, 37).  This aspect of

10  the ALJ's decision was supported by substantial evidence.  First, the opinions were

11  not supported by detailed clinical or other objective findings.  The ALJ is not

12  obliged to accept a treating source opinion that is "brief, conclusory and

13  inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028,

14  1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

15  2002)).

16       Second, Dr. Sherman's opinion is based, in large part, on Plaintiff's subjective

17  complaints, which he credited (T at 617-19, 630-35), but the ALJ reasonably

18  discounted for the reasons stated below.  The lack of medical support for a

19  physician's opinion based substantially on a claimant's subjective complaints of pain

20

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

1   is a legitimate reason for disregarding a treating physician's opinion. *Flaten v.*

2   *Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

3       Third, the ALJ provided a detailed review of the medical record (T at 28-37),

4   which he found inconsistent with the severe limitations assessed by Dr. Sherman.

5   Dr. Mikhail Bargan, a non-examining Sate Agency review consultant, reviewed the

6   record and opined that Plaintiff could perform light work. (T at 87).  *See Saelee v.*

7   *Chater*, 94 F.3d 520, 522 (9th Cir. 1996); *see also* 20 CFR § 404.1527 (f)(2)(i)("State

8   agency medical and psychological consultants and other program physicians,

9   psychologists, and other medical specialists are highly qualified physicians,

10  psychologists, and other medical specialists who are also experts in Social Security

11  disability evaluation.").

12      Plaintiff argues that the ALJ should have weighed the evidence differently and

13  resolved the conflict in favor of Dr. Sherman's opinions.  However, it is the role of

14  the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v.*

15  *Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.  If the

16  evidence supports more than one rational interpretation, this Court may not

17  substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577,

18  579 (9th 1984). If there is substantial evidence to support the administrative

19  findings, or if there is conflicting evidence that will support a finding of either

20

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## C.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the

existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:  She completed 11th grade.  She does not drive due to money and health problems.  She has not worked since 2010. (T at 50).  She has numbness and shooting pain in her lower extremities, along with swelling.  Prolonged sitting or standing is difficult. (T at 52).  She is in constant pain. (T at 52).  She has lower back pain, which has been treated with therapy. (T at 53).  She takes medication for depression, but has never seen a psychiatrist or mental health therapist. (T at 54).  She prefers to be alone. (T at 54).  Panic attacks are a problem. (T at 55).  She watches television, does some reading, and uses a computer. (T at 55).  Sometimes, she stays in her house for weeks at a time. (T at 56).  The pain causes sleep problems. (T at 57).  Hygiene is occasionally an issue. (T at 58).  She has very few "good" days. (T at 59).  She has difficulty sitting still. (T at 60).  Standing is limited to no more than 5 minutes; she could not walk more than a block. (T at 62-63).  Concentration and focus are difficult due to her pain and depression. (T at 63-64).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her statements

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

regarding the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 35).  For the reasons that follow, this Court finds the ALJ's decision consistent with applicable law and supported by substantial evidence.

First, in a very through and detailed decision, the ALJ found that the objective evidence, including the assessments of consultative examiners and State Agency review consultants, along with the treatment history and contemporaneous medical records, did not support the severe limitations claimed by Plaintiff.  (T at 29-37). Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

The ALJ also noted that Plaintiff made inconsistent statements, which detracted from her credibility.   Although Plaintiff claimed to be in remission with regard to substance abuse, the record contained evidence suggesting that this was not the case: she was treated in the emergency room in May 2010 on suspicion of a polysubstance overdose (T at 31, 412, 414); there was an indication that Plaintiff had

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB

stolen prescription medication (T at 422); Dr. John Peachy, a consultative examiner, reported that Plaintiff "appear[ed] to be drugged or somnolent" during his examination (T at 33-34, 580); Plaintiff was responsible for a traffic accident in January 2014, with alcohol apparently involved. (T at 35, 54, 654-51).

An ALJ may rely on "ordinary techniques of credibility evaluation" and discount a claimant's credibility if he or she "has made prior statements inconsistent" with subjective complaints or "is found to have been less than candid in other aspects of his [or her] testimony." *See Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989).

Plaintiff takes issue with some aspects of the ALJ's credibility assessment (regarding, for example, Plaintiff's stated reasons for stopping work).  However, the overall credibility determination is support by substantial evidence and, for the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including

the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 21st day of December, 2016.

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

DECISION AND ORDER – HOLT v COLVIN 2:16-CV-04789-VEB